IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE HOUSEHOLDER GROUP, <br> SCOTT ALLEN HOUSEHOLDER, <br> STEPHEN M. HORVATH, and <br> TODD ALLEN BERGERON, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS L. CAUGHRAN, <br><br> Defendant. | § § § § § § § § § § § § § § | Case No. 4:07-CV-316 |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD
AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SEEKING
ATTORNEYS' FEES**

The following motions are pending before the court:

1. Plaintiffs' motion for default judgment (docket entry #7); and

2. Defendant's "Motion to Deny Plaintiffs' Motion for Default Judgment" (docket entry #11).

---

1. Defendant's "Request that the Court Accepts the Taped Telephone Conversations, Made by Respondent Defendant, into Evidence to be Considered and Weighed by the Court" (docket entry #8).

---

1. Defendant's "Motion and Declaration to Deny Plaintiffs' Complaint and Motion to Confirm Arbitration Award" and "Motion to Vacate NASD Arbitration Award Judgment" (docket entry #'s 9 & 10); and

2. Plaintiffs' response to Defendant's motion to vacate (docket entry #13).

---

1. Defendant's "Motion for Summary Judgment and Brief in Support" (docket entry #15);

2. Plaintiffs' amended response to Defendant's motion for summary judgment and brief in support thereof" (docket entry #20);

3. Defendant's "Statement of Pleadings, Statement of Legal Issues, and Statement of Undisputed Facts" (docket entry #26); and

4. Defendant's "Facts in Support of Defendant's Motions to Vacate and for Summary Judgment" (docket entry #34).

---

1. Plaintiffs' motion to confirm arbitration award and brief in support thereof (docket entry #27).

---

1. Defendant's "Motion to Deny Confirmation of Arbitration Award and Brief in Support" (docket entry #30); and

2. Plaintiffs' response to Defendant Thomas L. Caughran's motion to deny confirmation of arbitration award and brief in support thereof" (docket entry #32).

---

1. Plaintiffs' motion for summary judgment to confirm arbitration award and brief in support thereof (docket entry #33); and

2. Defendant's "Answer and Motion to Deny the Householder Group's Motion to Confirm Arbitration Award Against Defendant" (docket entry #37).

---

1. Plaintiffs' motion to strike "Defendant's Facts in Support of Defendant's Motion to Vacate and for Summary Judgment" (docket entry #35).

---

1. Plaintiffs' motion for summary judgment seeking attorneys' fees in connection with Plaintiffs' lawsuit to confirm arbitration award and brief in support thereof (docket entry #36); and

2. Defendant's "Answer and Motion to Deny Plaintiffs' Motion for Summary Judgment and Attorneys' Fees" (docket entry #38).

Having reviewed the above-referenced motions and the relevant briefing in response thereto, the court finds that the arbitration award should be confirmed. The court further finds that the Plaintiffs' request for attorneys' fees should be denied.

## BACKGROUND

On July 18, 2003, the Defendant ("Caughran") executed a promissory note with SunAmerica Securities, Inc. ("SunAmerica") in the amount of $40,000.00. Pursuant to the terms of the note, Caughran received a five year forgivable loan, the full sum of which would become payable if Caughran's employment with SunAmerica was terminated. On December 9, 2004, Caughran was terminated. On December 23, 2004, SunAmerica demanded payment on the note.

On September 7, 2005, SunAmerica submitted its claim for the outstanding balance owed on the promissory note to arbitration with the National Association of Securities Dealers, Inc. ("NASD").[1] On October 31, 2005, AIG Financial Advisors, Inc. ("AIG") purchased SunAmerica's assets, properties, interests and rights. Additionally, AIG assumed all of SunAmerica's obligations

---

[1] According to the terms of the promissory note:

> This Note is to be governed by and construed in accordance with the laws of the State of Arizona. Representative irrevocably consents to jurisdiction of the National Association of Securities Dealers, Inc. for arbitration in Phoenix, Arizona or the Maricopa County, Arizona Superior Court with respect to any lawsuit to enforce this Note. Notice preliminary to, in conjunction with, or incident to such arbitration proceeding may be sent to Representative by mail and personal service is hereby waived. Judgment upon any award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof, without notice to either party.

and liabilities. AIG subsequently assigned its interest in the above-referenced promissory note and ensuing arbitration claim to the Plaintiff herein, The Householder Group ("Householder").[2]

Caughran additionally entered into a Branch Office Agreement with Householder, the terms of which Householder contended were breached by Caughran. Householder subsequently submitted its claims arising under the terms of the Branch Office Agreement to arbitration[3] in conjunction with the claims arising under the promissory note.

On April 30, 2007, arbitration commenced in Dallas, Texas. Caughran appeared *pro se*. In May 2007, the arbitrators awarded Householder the following:

1. $39,500.00 in compensatory damages for breach of the promissory note;

2. $50,000.00 in compensatory damages for breach of the Branch Office Agreement; and

3. $70,000.00 in attorneys' fees, pursuant to the terms of the promissory note and the Branch Office Agreement.

Householder now seeks confirmation of the arbitration award; Caughran, still appearing *pro se*, seeks a vacation of the arbitration award.

## **MOTION FOR DEFAULT JUDGMENT**

On July 10, 2007, Caughran was personally served with process. Householder argues that Caughran, however, failed to timely file an answer or otherwise appear. Apparently, through no fault of his own, Caughran's timely filed answer was misplaced by the clerk of court. The court declines

---

[2]Caughran executed a promissory note with Householder as well. Like the SunAmerica promissory note, the Householder promissory note contains a similar arbitration clause.

[3]The Branch Office Agreement provides as follows:

> **D.** <u>Arbitration</u>. Any disputes which arise out of the provisions of this AGREEMENT during it [sic] term shall be submitted to resolution by arbitration.

to enter a default judgment on these facts. Accordingly, Householder's motion for default judgment is denied.

## EVIDENTIARY MATTERS

Caughran has provided the court with certain tape recorded conversations on two audiotapes and written summaries thereof. However, the recordings were not properly authenticated. Additionally, the tape recorded conversations were not presented in their entirety. Further, the written summaries, although designated by Caughran as transcripts, fail to meet the standard of verbatim accounts. Finally, the tape recordings concern the underlying merits of this case which, as the court will explain more fully below, is beyond the scope of the court's review. Accordingly, Caughran's motion to offer certain tape recorded conversations is denied.

Householder seeks to strike certain briefing filed by Caughran because the same is not supported by admissible evidence.. Since the court liberally construes arguments propounded by a *pro se* litigant, the court will review the briefing provided accordingly. *Rogers v. KBR Technical Services Inc.*, 2008 WL 2337184, *3 (5th Cir. 2008). Householder's motion to strike is denied.

## LEGAL STANDARD[4]

"'To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the [Federal Arbitration Act] narrowly restricts judicial review of arbitrators' awards.'" *Rogers v. KBR Technical Services, Inc.*, 2007 WL 3342169, *1 (S.D. Tex. 2007), quoting *Positive Software Solutions v. New Century Mortg.*, 476 F.3d 278, 280

---

[4]The parties moved, respectively, for either a confirmation or vacation of the arbitration award. Likewise, the parties additionally moved for summary judgment on the same issues. Since the court is not required to analyze the issues before it under the summary judgment standard, the court will address the issues before it under the standard of review for a motion to vacate an arbitration award.

(5th Cir. 2007). "Accordingly, '[t]he draconian remedy of vacatur,' *Positive Software Solutions*, 476 F.3d at 286, is available only under limited statutory [ ] exceptions." *Rogers*, 2007 WL at *1, quoting *Kergosien v. Ocean Energy Inc.*, 390 F.3d 346, 353 (5th Cir. 2004).

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, a district court's ability to vacate an arbitration award is limited to the following four grounds:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Fifth Circuit previously recognized the following two common law grounds for vacating an arbitration award:

(1) manifest disregard of the law; and

(2) contrary to public policy.

*Rogers*, 2007 WL at *2, *aff'd*, 2008 WL 2337184, *2. However, "[t]he Supreme Court has recently held that the provisions of the FAA are the exclusive grounds for expedited vacatur and modification of an arbitration award, which calls into doubt the non-statutory grounds which have been recognized by [the Fifth Circuit]." *Rogers*, 2008 WL at *2, citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 & n.5 (2008). In light of the Supreme Court's holding in *Hall Street*, the court will limit its analysis to the statutory grounds enumerated in the FAA.

## DISCUSSION AND ANALYSIS

Generally, Caughran complains that his due process rights were violated during the arbitration proceedings as follows:

(1) the tribunal was biased;

(2) Caughran was not allowed to present certain evidence or call certain witnesses;

(3) Caughran was denied discovery;

(4) the arbitration award was not based exclusively on the evidence presented;

(5) the tribunal did not prepare written findings of fact and conclusions of law.

The court will review each complaint in turn.

### 1. EXCEEDED POWERS / BIASED TRIBUNAL

Caughran alleges that the arbitration panel exceeded its powers by failing to grant a default judgment, by granting an award that was unjustified and unreasonable, by hearing the case in Dallas, Texas, and by not properly considering the merits of the case.

#### A. Default Judgment

Caughran contends that the panel exceeded its powers by failing to grant his motion for a default judgment. Apparently, Caughran filed third-party claims against Householder, Scott Householder, Stephen Horvath and Todd Bergeron. Caughran argues that since these third-parties failed to file an answer to his claims timely, he was entitled to the entry of a default judgment. *See Rogers*, 2008 WL at *3.

According to the arbitration award, the third-parties did file an answer. Section 10314 of the NASD provides:

> A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent, or

> Third-Party Respondent who fails to file an Answer within 45 calendar days from receipt of service of a Claim, unless the time to answer has been extended pursuant to subparagraph (5), below, may, in the discretion of the arbitrators, be barred from presenting any matter, arguments, or defenses at the hearing. Such a party *may* also be subject to default procedures as provided in paragraph (e) below.

NASD Rule 10314(b)(2)(C) (emphasis added).

Section 10314(e) describes the procedures for entering a default. Here, however, the NASD rules do not mandate the entry of a default judgment if an answer is not timely filed. Accordingly, the arbitration panel was not required by the NASD rules to enter a default judgment. The court, therefore, finds that the panel did not exceed its powers by refusing to enter default judgments against the third-parties.

### B. The Award

Caughran next complains that the award was unjustified and unreasonable. Caughran argues that the panel improperly considered the terms of the Branch Office Agreement when considering the award. Additionally, Caughran contends that the Branch Office Agreement and the promissory note were not valid contracts.[5] Caughran is asking the court to consider the merits of his case. Such a request exceeds the court's statutory review. The court lacks the authority "'"to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement."'" *Rogers*, 2007 WL at *2, quoting *Kergosien*, 390 F.3d at 357, quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001). Further, Caughran's complaints amount to nothing more than evidentiary challenges and unsupported assertions concerning the promissory note and the Branch Office

---

[5]Caughran asserts that he did not execute a promissory note with SunAmerica and denies the existence of such a note.

-8-

Agreement. *See Legion Ins. Co. v. Ins. General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987).[6]

### C. Submission Agreement

Caughran asserts that although he consented to arbitration by executing a submission agreement on December 1, 2005, such agreement was contrary to his desires. However, Caughran has not provided the court with any evidence that he raised this issue at the arbitration proceeding. The court declines to consider such an argument at this stage.

### D. Venue

Likewise, Caughran appears to raise for the first time that the arbitration proceeding was not conducted at the appropriate venue. As noted above, the promissory note instructed that any arbitration proceeding was to occur in Phoenix, Arizona. Caughran, however, has provided the court with no evidence that this issue was raised during the arbitration proceeding. The court notes that Caughran, a resident of Plano, Texas, must have benefitted economically from the arbitration panel convening in Dallas, Texas rather than Phoenix, Arizona. Regardless, the court declines to consider this argument at this late date. *See Booth v. Hargiss*, 132 F.3d 1453 (5th Cir. 1997).

### 2. REFUSING TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY

Caughran alleges that the arbitration panel denied him a fair hearing by refusing to enforce its own discovery orders and by excluding certain evidence and witnesses. By way of introduction, the court notes the following:

> The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to

---

[6]Caughran indicates in his briefing that he submitted to the court 13 tapes from the arbitration proceeding as recorded by the arbitration panel. The court, however, only received two tapes as discussed above.

present its evidence and argument. An evidentiary error must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.

*Cowle v. Dain Rauschcer, Inc.*, 66 Fed.Appx. 525, 2003 WL 21017526, *2 (5th Cir. 2003), quoting *Forsythe Intern., S.A. v. Gibbs Oil Co. of TX*, 915 F.2d 1017, 1023 (5th Cir. 1990) (internal citations and quotation marks omitted).

Caughran complains at length that he was denied a fair hearing because he was not permitted to introduce into evidence certain tape recorded conversations and the transcripts thereof. Primarily, Caughran alleges that the panel excluded a tape recorded conversation between Caughran and Stephen Horvath, a recording which Caughran insists reveals that Stephen Horvath committed perjury. However, as noted by Caughran, Stephen Horvath testified live at the arbitration hearing; accordingly, Caughran could have cross-examined Stephen Horvath about any alleged perjury at the arbitration hearing.

The remaining tape recorded conversations are the same recordings discussed previously. While the NASD rules provide that the arbitrators are not bound by the rules governing the admissibility of evidence, NASD Rule 10323, the arbitrators properly excluded the tape recordings because the same were never properly authenticated. Further, the tape recordings did not contain the conversations in their entirety. Finally, as noted above, the "transcripts" Caughran prepared of the recorded conversations were merely summaries of the conversations. *See Butler v. Munsch, Hardt, Kopf & Harr, P.C.*, 145 Fed.Appx. 475, 477 (5th Cir. 2005).

Caughran additionally complains that he was denied a fair hearing because the arbitration panel only permitted one of his five witnesses to testify. However, Caughran neither identified the four excluded witnesses nor explained to the court how the four excluded witnesses were material

to the outcome of his case.

Finally, Caughran complains that he was denied a fair hearing because the arbitration panel did not enforce its own discovery orders. Caughran's conclusory allegations, however, do not demonstrate how the arbitrators' evidentiary rulings rendered the arbitration fundamentally unfair. *See Cowle*, 66 Fed.Appx. 525, 2003 WL 21017526, *2.

### 3. EVIDENT PARTIALITY OR CORRUPTION

Caughran additionally alleges that the arbitration panel denied him a fair hearing because the panel rushed the case to completion and was biased. The court notes that Caughran's complaints of bias and speed are couched in terms of his aforementioned complaints, none of which rise to the level necessary to vacate an arbitration award.

### 4. FAILURE TO PROVIDE WRITTEN REASONS

Finally, Caughran contends that the panel denied him a fair hearing because the panel did not provide findings of fact and conclusions of law. The NASD rules provide as follows:

> (a) All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.
>
> (e) The award shall contain the names of the parties, the name of counsel, if any, a summary of the issues, including the type(s) of any security or product, in controversy, the damages and other relief requested, the damages and other relief awarded, a statement of any other issues resolved, the names of the arbitrators, the dates the claim was filed and the award rendered, the number and dates of hearing sessions, the location of the hearings, and the signatures of the arbitrators concurring in the award.

NASD Rule 10330(a) & (e). Since the NASD rules do not require the arbitrators to provide findings of fact and conclusions of law, Caughran was not denied a fair hearing simply because the panel did not provide Caughran with the same. The court notes that the arbitration panel complied with the

requirements of NASD Rule 10330. For all the reasons stated above, Caughran's motion to vacate the arbitration award should be denied; Householder's motion to confirm the arbitration award should be granted.

## ATTORNEYS' FEES

Pending the court's confirmation of the arbitration award, Householder filed a motion for summary judgment seeking attorneys' fees. Householder contends that both the promissory note and the Branch Office Agreement permit Householder's recovery of attorneys' fees if it is successful in the underlying action.

In its motion, Householder claims that it incurred $16,517.00 in attorneys' fees prosecuting this case. However, the declaration of Thomas J. Stutz in support of the motion for attorneys' fees is deficient as follows:

1. In paragraph 2 of Stutz's declaration, Stutz declares that he is "one of the attorneys representing Virginia Surety Company in the above styled lawsuit." Stutz Decl., Exh. 6, ¶ 2. Virginia Surety Company is not a party to this lawsuit;

2. In paragraph 12 of Stutz's declaration, Stutz declares that services provided included drafting and filing a "Special Appearance, Answer, Abatement, attend[ing] a hearing on Motion to Dismiss, . . ." Stutz Decl., Exh. 6, ¶ 12.[7] The court notes that Householder never filed a special appearance or abatement herein. Further, the court has not conducted any hearings in this case, much less a hearing on a motion to dismiss. Perhaps such filings and proceedings occurred in the related Collin County litigation; however, the court has no evidence of the same; and

3. In paragraph 13 of Stutz's declaration, Stutz declares as follows:

Attorneys in this firm have spent 11.4 hours and legal assistants have spent approximately 5.8 in connection with the legal services provided in the Collin County litigation. The total fee of $2,650 is a fair, reasonable, customary and necessary charge for legal services in this type of litigation in Collin County, Texas and the

---

[7] The paragraphs in Stutz's declaration are not numbered consecutively; rather, they are numbered 1-5 and 12-15.

Eastern District of Texas.

Stutz Decl., Exh. 6, ¶ 13.

The court notes that counsel has failed to provide his hourly billable rate and the prevailing hourly rate in his community for similar work. Further, the total fee averred is far less than that pled.

Typically, the court would first determine if the promissory agreement and Branch Office Agreement provided for the recovery of attorneys' fees. If the contracts did so provide, the court would then determine the appropriateness of the attorneys' fees requested. "The calculation of attorneys' fees involves a well-established process." *Jason D.W.*, 158 F.3d at 208. First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999). The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained

limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Independent School District*, 909 F.Supp. 1023, 1032 (E.D. Tex. 1995)(Heartfield, J.). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. General Electric Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001), quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Virginia McC*, 909 F.Supp. at 1032, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

Here, however, it is not necessary for the court to determine if the contracts provided for the recovery of attorneys' fees. Even if the contracts do so provide, for the reasons already stated, Householder's evidence in support of its summary judgment motion for attorneys' fees, *i.e.* Stutz's declaration, is inadequate. Householder's motion for attorneys' fees is denied.

## **CONCLUSION**

Based on the foregoing, the court hereby **GRANTS** Plaintiffs' motion to confirm arbitration award (docket entry #27) and **DENIES** Plaintiffs' motion for summary judgment seeking attorneys' fees in connection with Plaintiffs' lawsuit to confirm arbitration award (docket entry #36). The court rules as follows with respect to the remaining motions:

1. Plaintiffs' motion for default judgment (docket entry #7) is **DENIED**;

2. Defendant's "Request that the Court Accepts the Taped Telephone Conversations, Made by Respondent Defendant, into Evidence to be Considered and Weighed by the Court" (docket entry #8) is **DENIED**;

3. Defendant's "Motion and Declaration to Deny Plaintiffs' Complaint and Motion to Confirm Arbitration Award" and "Motion to Vacate NASD Arbitration Award Judgment" (docket entry #'s 9 & 10), Defendant's "Motion for Summary Judgment and Brief in Support" (docket entry #15), Defendant's "Motion to Deny Confirmation of Arbitration Award and Brief in Support" (docket entry #30) are **DENIED**;

4. Plaintiffs' motion for summary judgment to confirm arbitration award and brief in support thereof (docket entry #33) is **DENIED AS MOOT**; and

5. Plaintiffs' motion to strike "Defendant's Facts in Support of Defendant's Motion to Vacate and for Summary Judgment" (docket entry #35) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 17th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE